NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION; et al., | No. 24-2341 |
| Plaintiffs, | D.C. No. 3:18-cv-02458-BEN-DEB |
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., | MEMORANDUM* |
| Intervenor - Plaintiff - Appellant, | |
| v. | |
| ROB BONTA, in his official capacity as the Attorney General of the State of California; et al., | |
| Defendants - Appellees, | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | |
| Intervenor - Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 9, 2025
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Appellant Owner-Operator Independent Drivers Association ("OOIDA") appeals the district court's judgment in favor of the State of California. OOIDA claims that California's Assembly Bill 5 ("AB 5") violates the dormant Commerce Clause, U.S. Const. art. I, § 8, and that the business-to-business ("B2B") exception in AB 5 violates the dormant Commerce Clause and the Equal Protection Clause, U.S. Const. amend. XIV, § 1. OOIDA argues that AB 5 violates the dormant Commerce Clause because it imposes a substantial burden on interstate commerce, which outweighs its putative benefits. OOIDA also contends that the B2B exception violates the dormant Commerce Clause because it discriminates against interstate commerce and violates the Equal Protection Clause because it treats interstate and intrastate drivers differently. OOIDA maintains that there is no rational basis to support this alleged disparate treatment.

When the district court consolidates its ruling on a preliminary injunction with its decision on the merits under Federal Rule of Civil Procedure 65(a)(2), we review the "district court's factual findings for clear error and its conclusions of law de novo." *Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Rels.*, 730 F.3d 1024, 1031 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

24-2341

1. AB 5 does not violate the dormant Commerce Clause. "The dormant Commerce Clause is not a roving license for federal courts to decide what activities are appropriate for state and local government to undertake, and what activities must be the province of private market competition." *United Haulers Ass'n, Inc. v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 343 (2007). "[T]he Supreme Court has frequently admonished that courts should not 'second-guess the empirical judgments of lawmakers concerning the utility of legislation.'" *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 953 (9th Cir. 2013) (quoting *Pac. Nw. Venison Producers v. Smitch,* 20 F.3d 1008, 1017 (9th Cir. 1994)). "[S]tate laws offend the Commerce Clause when they seek to 'build up . . . domestic commerce' through 'burdens upon the industry and business of other States,' regardless of whether Congress has spoken." *Na'l. Pork Producers Council v. Ross*, 598 U.S. 356, 369 (2023) (quoting *Guy v. Baltimore*, 100 U.S. 434, 443 (1880)). "[T]his antidiscrimination principle lies at the very core of our dormant Commerce Clause jurisprudence." *Id*. (citation and quotation marks omitted); *see also CTS Corp. v. Dynamics Corp. of Am.,* 481 U.S. 69, 87 (1987) ("The principal objects of dormant Commerce Clause scrutiny are statutes that discriminate against interstate commerce").

"[M]ost statutes that impose a substantial burden on interstate commerce do so because they are discriminatory." *Ass'n des Eleveurs*, 729 F.3d at 952. "[N]on-

discriminatory laws that have only incidental effects on interstate commerce will generally be upheld 'unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.'" *Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1239 (9th Cir. 2021) (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)).  The dormant Commerce Clause does not protect "the particular structure or methods of operation in a retail market." *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 127–28 (1978).

Here, OOIDA failed to present evidence in support of its argument that AB 5 places a substantial burden on interstate commerce.  OOIDA argues that AB 5 functionally prohibits certain kinds of truck drivers from working in California. However, as OOIDA implicitly concedes, AB 5 does not preclude out-of-state drivers from working in California; nor does it favor in-state drivers at the expense of out-of-state drivers.  At worst, AB 5 restricts what kind of drivers may operate in California. *See Exxon*, 437 U.S. at 127 ("[T]he [dormant Commerce] Clause protects the interstate market, not particular interstate firms, from prohibitive or burdensome regulations").

2.      The B2B exception does not violate the dormant Commerce Clause. When analyzing a regulation under the dormant Commerce Clause, "[d]iscrimination . . . means treating similarly situated in-state and out-of-state economic interests differently in a way that favors the in-state interests." *Ward*,

986 F.3d at 1239. A regulation that "'treat[s] all private companies exactly the same' does not discriminate against interstate commerce." *Ass'n des Eleveurs*, 729 F.3d at 948 (quoting *United Haulers Ass'n, Inc.*, 550 U.S. at 342).

OOIDA maintains that only in-state drivers can qualify for the B2B exception, making it discriminatory, but does not argue that the B2B exception itself is discriminatory. Rather, the organization contends that the B2B exception, when considered in conjunction with federal regulations applicable to drivers working in interstate commerce, discriminates against out-of-state drivers. We disagree with OOIDA's interpretation of these federal regulations. But even if we agreed, OOIDA fails to explain how these regulations could render the B2B exception discriminatory when the regulations apply to all drivers engaged in interstate commerce, including California-based drivers.

3.     The B2B exception does not violate the Equal Protection Clause. "When conducting rational basis review of economic legislation that disparately treats similarly situated groups, we ask whether there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Olson v. California*, 104 F.4th 66, 77 (9th Cir. 2024) (en banc) (citation and quotation marks omitted). Rational basis "is a fairly forgiving standard, given the wide latitude afforded to states in managing their economies." *Am. Soc'y of Journalists & Authors, Inc. v. Bonta*, 15 F.4th 954, 965 (9th Cir. 2021) (citation

and quotation marks omitted). "[T]he party attacking a law must 'negate every conceivable basis which might have supported' the distinctions drawn." *Id.* (quoting *Angelotti Chiropractic v. Baker*, 791 F.3d 1075, 1086 (9th Cir. 2015)).

OOIDA argues that the B2B exception violates the Equal Protection Clause because it favors intrastate drivers over their interstate counterparts. We disagree. The B2B exception treats businesses differently than individual workers. It does not draw a distinction between intrastate and interstate drivers. Moreover, there is a rational basis for the distinction between businesses and individual workers. For example, the California Legislature may have concluded that the risk of worker misclassification was diminished when the contracting parties were sophisticated and had nearly commensurate bargaining power.

**AFFIRMED.**